(47 Misc. Rep. 33.)

### In re BUFFALO STATE HOSPITAL.

(Surrogate's Court, Erie County. April, 1905.)

1. HOSPITALS—RIGHT OF ACTION.

Const. art. 8, § 3, provide that all corporations shall have the right to sue and shall be subject to be sued in like cases as natural persons. Insanity Law, Laws 1896, p. 478, c. 545, § 30, provides that certain hospitals for the treatment of the indigent insane shall be declared corporations. Held, that a hospital, so named, created for the care and treatment of the poor, can sue as a natural person.

2. EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST DECEDENT—SALE OF REALTY.

A state hospital for the treatment of the indigent insane, having a claim against a decedent, can institute proceedings for the sale of his real estate for the enforcement of its debt.

Petition of the Buffalo State Hospital, creditor of the estate of Frederick W. Kluge, for the mortgage, lease, or sale of decedent's

95 N.Y.S.—14

realty for the payment of his debts. Objections to petition dismissed.

Martin Clark, for petitioner.
Henry W. Killeen, for administrator.

MARCUS, S. This proceeding was commenced upon petition of the Buffalo State Hospital, a creditor of Frederick William Kluge, deceased, for the mortgage, lease or sale of the real property of said decedent for the payment of his debts and funeral expenses.

It is urged by the counsel for the administrator that the Buffalo State Hospital has no authority to maintain this proceeding, and that the right, if any exist, on account of the petitioner's claim, is in the state of New York, and should be brought by its law officer, the Attorney General, who represents the state in all legal proceedings, and also upon the further ground that section 42 of the Insanity Law (Laws 1896, p. 488, c. 545) provides that "the treasurer of any state hospital may bring an action in the name of the hospital to recover for the use thereof," etc., and that this limits the proceeding to be brought by or on behalf of a state hospital to an action at law, and prevents the bringing of a special proceeding, such as is here sought to be instituted. The administrator also invokes the authority of Code Civ. Proc. §§ 3333, 3334, and section 3343, subd. 20, which define the expressions "action" and "special proceedings," and distinguish them. These objections, however, cannot be sustained. The Constitution of this state provides that:

"All corporations shall have the right to sue and shall be subject to be sued in all courts in like cases as natural persons." Const. art. 8, § 3.

Insanity Law, Laws 1896, p. 478, c. 545, § 30, provides that:

"There shall continue to be the following hospitals for the care and treatment of the poor and indigent insane of the state, which are hereby declared to be corporations."

Among the hospitals so named and designated is the Buffalo State Hospital. It is thus clear that in the absence of any statutory prohibition the Buffalo State Hospital, as a creditor, has the right to institute any proceeding in the courts of this state which an individual would have the right to institute; and where such hospital is a creditor it must follow that it has the right to institute a proceeding for the sale of real estate for the enforcement of an indebtedness in its favor against the estate of a decedent where the same facts exist that entitle an individual to such remedy.

Section 42, which is cited on behalf of the administrator in opposition to this proceeding, merely confers certain specified rights of action, not upon the corporation itself as such, but upon its treasurer in behalf of the corporation, and in no way curtails the powers of the corporation itself under the laws of this state. The objections raised are hereby dismissed.

Objections dismissed.