WATKINS BOATING COMPANY, Claimant, *v.* STATE OF NEW YORK.

## Claim No. 13874.

(State of New York, Court of Claims, April, 1919.)

State — not liable for services rendered to state hospital.

> That the state supports and eventually has to pay the debts of the "Willard State Hospital" is insufficient to authorize a proceeding to collect directly from the state a claim of one who, at the request of the steward of said hospital, furnished a tug for the relief of a yacht owned by it, which had grounded on a bar in Seneca lake, and returned it to its dock at the hospital.
>
> In such case a claim to recover for the services rendered is not against the state but an action therefor is maintainable against the hospital.

CLAIM for services rendered to a state hospital.

Lewis H. Watkins, for claimant.

Edward M. Brown, deputy attorney-general, for state of New York.

PARIS, J. The Willard State Hospital is located in the town of Ovid, Seneca county, N. Y., near Lake Seneca. The hospital owned and had possession of a

yacht known as the *Nautilus,* which on or about December 29, 1914, grounded on a bar in Seneca lake. The steward of the hospital applied to claimant to take its tug *McAnarney* to the place where the *Nautilus* was and rescue same. The *McAnarney* was at the time in ordinary (that is, it was dismantled and in winter quarters). The claimant, acting on the request of the steward, fitted out the tug *McAnarney,* procured a crew to run it and sent it to the relief of the *Nautilus.* The *McAnarney* and its crew released the *Nautilus* from its dangerous position and returned it to its dock at the hospital.

The expense to claimant in preparing to do this work and in performing it was considerably more than the ordinary charges for such services. The claimant presented a bill to the Willard State Hospital for said services for the sum of $500. The hospital authorities rejected the bill, as being excessive, and offered to pay claimant $50. The claimant then filed its notice of intention to file claim and this claim against the state of New York.

The claim does not allege that the state is the owner of the hospital and the property used in connection therewith, but it was assumed on the trial and not disputed that the hospital is a state institution supported by the state.

The Willard State Hospital is a corporation. Insanity Law, § 40.

It is under control of a board of managers.

The superintendent is chief executive officer, who may bring an action in the name of the hospital upon any cause of action accruing to it. Insanity Law, § 54; *Matter of Buffalo State Hospital,* 47 Misc. Rep. 33.

It is the duty of the steward to care for all articles provided for the hospital. Insanity Law, § 55.

"All corporations shall have the right to sue and

shall be subject to be sued in all courts in like cases as natural persons.'' Constitution, art. VIII, § 3.

I am unable to discover any reason why claimant could not have brought an action against the hospital to recover for the services rendered. The question then arises: Did claimant have a concurrent claim against the state as owner of the corporation? All corporations are artificial bodies which hold property and transact business for the benefit of the real owners.

My attention, however, has not been called to, and I know of no instance, where it has been held that a party may elect to sue either the corporation or the members, stockholders or other owners thereof in an ordinary common law action.

The fact that this particular corporation may not be self-sustaining and that the state actually supports it and eventually has to pay its debts is insufficient to authorize a proceeding to collect directly from the state, as it was, evidently, the intent of the legislature to provide a separate and distinct procedure for the business management of each state hospital different from and independent of that provided for other state affairs.

The Court of Claims can hear and determine only such claims against the state of New York as it is given by law express jurisdiction over.

The cause of action upon which claimant seeks to recover is not against the state of New York, but against the Willard State Hospital. Claim should be dismissed.

ACKERSON, P. J., concurs.

Claim dismissed.